**TRUE–FLO MECHANICAL SYSTEMS, INC., Plaintiff,**

v.

**BOARD OF REVIEW OF THE INDUSTRIAL COMMISSION OF UTAH, Department of Employment Security, Defendant.**

No. 860281.

Supreme Court of Utah.

Sept. 9, 1987.

Rehearing Denied Oct. 21, 1987.

Richard K. Glauser, Salt Lake City, for plaintiff.

David L. Wilkinson and Alan Hennebold, Salt Lake City, for defendant.

HOWE, Justice:

The Board of Review found that plaintiff True-Flo Mechanical Systems, Inc., was a successor to Vaughn Johnson & Sons, Inc., and therefore (1) the unpaid contributions of Vaughn Johnson & Sons were properly considered in determining True-Flo's contribution rate under Utah Code Ann. § 35–4–7(c)(1)(C) (1953, Supp.1987), and (2) True-Flo was obligated under section 35–4–17(f) to withhold sufficient amounts of the purchase price to cover the amount of delinquent contributions owed by Vaughn Johnson & Sons. The matter is before us on writ of review.

On September 18, 1985, Denny M. Hoffman incorporated True-Flo Mechanical Systems. At that time, the only assets of the corporation were some hand tools he contributed. On October 15, 1985, Hoffman and his wife, Jackie, purchased for $7,000 the equipment of Vaughn Johnson & Sons, a heating, air-conditioning, plumbing, and electrical contractor. The purchase was made from Vaughn Johnson and his wife, Margaret, and from Vaughn Johnson & Sons. On October 16, the Hoffmans purchased for $200,000 from the Johnsons the real property and building from which Vaughn Johnson & Sons had been doing business.[1] The Hoffmans then leased the building and equipment to True-Flo. True-Flo did not acquire the receivables (the amount of which is not in the record) or customer lists of Vaughn Johnson & Sons.

Vaughn Johnson & Sons owed arrearages to the Department of Employment Security for unpaid unemployment benefit costs. The Department notified True-Flo by letter that those unpaid benefit costs had been charged to its account. An appeal was taken to an appeals tribunal. At a hearing, the administrative law judge found that the Hoffmans had purchased all the assets of Vaughn Johnson & Sons, except for the receivables and the customer

---

1. The purchase price also included some buildings and property unrelated to the business.

lists, and since True-Flo leased these assets from the Hoffmans, it had "acquired" substantially all the assets of Vaughn Johnson & Sons and was therefore its "successor." As a successor to a business with an outstanding debt to the Department of Employment Security, True-Flo was assigned a contribution rate of .08 rather than the .052 rate it would have received as a new business. A further appeal was taken to the Board of Review which affirmed the decision of the administrative law judge and stated in its written decision that section 35–4–17(f) imposes personal liability upon the Hoffmans for the unpaid contributions of Vaughn Johnson & Sons.

On review by this Court, True-Flo contends (1) that the Board of Review erred in finding that it was a successor to Vaughn Johnson & Sons, and (2) that the Hoffmans could not be personally liable for the unpaid contributions of Vaughn Johnson & Sons since they are not parties to this administrative proceeding.

In order for True-Flo to be a successor to Vaughn Johnson & Sons, it is necessary to find that it acquired all or substantially all the assets of Vaughn Johnson & Sons and that the latter discontinued operations upon the acquisition. Those requirements are set out in section 35–4–7(c)(1)(C) which in relevant part provides:

> If an employer has acquired all or substantially all the assets of another employer and the other employer had discontinued operations upon the acquisition, the period of liability with respect to the filing of contribution reports, the payment of contributions, after January 1, 1985, the benefit costs of both employers, and the payrolls of both employers during the qualifying period shall be jointly considered for the purpose of determining and establishing the acquiring party's qualifications for an experience rating classification.

(Emphasis added.)

The Board's application of the above-cited statute to the facts of the case falls under the intermediate standard of review described in *Utah Department of Administrative Services v. Public Service Commission,* 658 P.2d 601 (Utah 1983). Under that standard, we will uphold the Board's actions if they fall within the limits of reasonableness or rationality. *Id.* at 610.

■ True-Flo contends it did not acquire any of the assets of Vaughn Johnson & Sons since those assets were purchased by the Hoffmans personally and then only leased to True-Flo. This argument is unpersuasive. In *Theurer v. Board of Review,* 725 P.2d 1338 (Utah 1986), we held that "acquire," as used in section 35–4–7(c)(1)(C), is broad enough to encompass acquisition through lease. The fact that the Hoffmans acted as an intermediary in the transaction by purchasing the assets from Vaughn Johnson & Sons and then leased them to True-Flo does not change the result that True-Flo "acquired" substantially all of the assets of its predecessor.

■ True-Flo next contends that Vaughn Johnson & Sons did not discontinue operations following the sale and points to evidence that Mr. Vaughn Johnson continued to do business out of his home. Vaughn Johnson & Sons advised the Department to close its employer's account following the sale of its assets to the Hoffmans. It filed a wage report for the last quarter of 1985 showing no payroll. This evidence is sufficient to support the Board's finding that Vaughn Johnson & Sons had discontinued operations upon the sale of its assets. The fact that Mr. Hoffman testified that Mr. Johnson was doing business out of his home following the sale does not preclude the Board's finding. The Board adopted the finding of the administrative law judge that following the sale, Mr. Johnson became affiliated with his son's business, B.J. Mechanical.

The Board of Review's findings of fact are supported by the evidence, and we cannot say that its conclusion that True-Flo was a successor to Vaughn Johnson & Sons is "beyond the limits of reasonableness or rationality."

■ True-Flo's final contention is that the Hoffmans were not parties to these proceedings before the Department and the

Board of Review and therefore are not bound by a statement in the decision of the Board that the Hoffmans are personally liable for the unpaid contributions. We agree. That statement must be disregarded as surplusage and not determinative of the Hoffmans' liability.

The decision of the Board of Review, except as noted, is affirmed.

HALL, C.J., STEWART, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.