**DuMAC, INC., Petitioner,**

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION, DEPARTMENT OF EMPLOYMENT SECURITY, Respondent.**

No. 970440–CA.

Court of Appeals of Utah.

May 14, 1998.

Before DAVIS, BILLINGS, and JACKSON, JJ.

## OPINION

BILLINGS, Judge:

DuMac, Inc. appeals a decision of the Board of Review of the Industrial Commission of Utah (the Board) affirming an administrative ruling that DuMac LLC is not the successor employer of DuMac, Inc. under the Utah Employment Security Act. We affirm.

## FACTS

DuMac, Inc. is a closely held corporation that has operated a printing and direct mail advertising business in Utah for about thirty years. In 1997, the principals of DuMac, Inc. organized DuMac LLC, a limited liability company under Utah law. DuMac, Inc. owns thirty percent of DuMac LLC.

After forming DuMac LLC, DuMac, Inc. leased all its equipment and other assets and transferred its employees to the limited liability company. DuMac LLC thus took over all the printing and direct mail operations of DuMac, Inc., and DuMac, Inc. went out of the printing and direct mail business. However, DuMac, Inc. remained in business after the reorganization with its president, John Durham, as its sole employee. DuMac, Inc.'s activities after the reorganization included: 1) leasing its equipment and assets to DuMac LLC; 2) continuing as a member-owner of DuMac LLC; and 3) providing management and consulting assistance to DuMac LLC in its printing and direct mail business.

On February 7, 1997, Durham notified the Industrial Commission that DuMac LLC would assume DuMac, Inc.'s business operations. He requested that DuMac LLC be treated as DuMac, Inc.'s successor under the Utah Employment Security Act and be allowed to retain the corporation's employer history and earned contribution rate. The Industrial Commission refused Durham's request, and DuMac, Inc. requested an administrative hearing.

At the conclusion of the administrative hearing, the Administrative Law Judge held that DuMac LLC was not DuMac, Inc.'s

Richard H. Bradley and Miles E. Lignell, Sandy, for Petitioner.

Winston M. Faux, Salt Lake City, for Respondent.

successor employer because DuMac, Inc. had not ceased doing business as required by Utah Code Ann. § 35A–4–303(9) (Supp. 1997).[1] DuMac, Inc. appealed this decision to the Board, and the Board upheld the Industrial Commission's decision. DuMac, Inc. appeals.

## ANALYSIS

 We apply an intermediate standard of review to the Board's decision that DuMac LLC is not DuMac, Inc.'s successor company. *See True–Flo Mech. Sys. v. Board of Review*, 743 P.2d 1161, 1163 (Utah 1987); *Utah Dep't of Admin. Servs. v. Public Serv. Comm'n*, 658 P.2d 601, 612 (Utah 1983). Under this standard, we will affirm the Board's decision "so long as [it] fell within the bounds of reasonableness and rationality." *Savage Indus., Inc. v. Utah State Tax Comm'n*, 811 P.2d 664, 667 (Utah 1991).

Under the Utah Employment Security Act, Utah Code Ann, §§ 35A–4–101 to – 508 (Supp.1997), every employer must pay contributions to the Employment Compensation Fund. A new employer's contribution rate is based on the employment history of the industry as a whole. However, as an employer operates in Utah, it acquires its own employment history and earned contribution rate. A new employer who acquires a going business and meets the requirements for becoming a successor employer under section 35A–4–303(9) may obtain a contribution rate based on the prior employer's history. A new employer is entitled to successorship status if it has "acquired the business or all or substantially all the assets of another employer *and the other employer had discontinued operations upon the acquisition.*" *Id.* at 35A–4–303(9)(a) (emphasis added). The Industrial Commission regulations implementing section 35A–4–303(9)(a) state that " '[d]iscontinued operations' means that immediately at the point of acquisition the preceding employer has no continuing business

activity." Utah Admin. Code R994–303–106(g) (Supp.1997).

Both parties in this case agree that DuMac LLC acquired substantially all DuMac, Inc.'s assets, thus meeting the first requirement of section 35A–4–303(9)(a). However, both the ALJ and the Board found that DuMac, Inc. had not met section 35A–4–303(9)(a)'s second requirement of discontinued operations. Thus, the single issue before us is whether DuMac, Inc. "discontinued operations" under the meaning of section 35–4–303(9)(a).

DuMac, Inc. argues that it discontinued operations under the meaning of the statute because it closed its printing and direct mailing business. However, the Industrial Commission argues that the statute requires a predecessor company to have "no continuing business activity" immediately after the transfer of assets. Thus the Industrial Commission argues that DuMac, Inc. failed to discontinue business operations because it continued in business without interruption as a printing and direct mail management and consulting company.

The plain statutory language requires the original employer to discontinue operations at the time of the acquisition. Clearly DuMac, Inc. continued some of its business operations. We cannot say that the Board's application of the statute and regulations was irrational or unreasonable. Thus we hold the Board was within the bounds of reasonableness and rationality in concluding that DuMac LLC was not DuMac, Inc.'s successor under the Utah Employment Security Act. We affirm.

DAVIS, P.J., and JACKSON, J., concur.

---

**1.** Section 35A–4–303 was amended by Laws 1997, ch. 148, § 3, effective July 1, 1997 with retrospective operation to January 1, 1997. Thus we apply the 1997 statute.